McCauley, J.
If the revivor of the action in the name of Roseberry, the successor of Young as assignee of Carroll & Son, was proper, the sureties in the replevin bond became liable for the amount of the judgment recovered therein against the plaintiff.
It is argued, however, that the action should have been revived in the name of the legal representative of Young, the first assignee, and that the revivor in the name of Rose-berry beingi wrong, a judgment against him does not bind the sureties of Young, the original plaintiff.
The principal argument in support of this claim, is that section 6341, of the Revised Statutes, requires,' on the death of an assignee or trustee, that Ms legal representative sh'all file and settle his accounts, and immediately after such settlement shall pay over to his successor all moneys found due *597 from him to the trust. This provision does not, however, require the legal representative to take the place of the assignee in pending actions. Who shall take his place in such actions, is to be determined by the statutes providing for the revivor of actions, rather than by the statutes defining the duties of legal representatives. Where a person is a party to an action in a representative capacity, in case of his death or where his powers as a personal representative cease, the action should be revived in the name of his successor. Revised Statute, section 5148. Upon the death of an administrator the' duty is enjoined upon his legal representative to settle his account and turn over all assets of the estate in his hands to his successor, as in the case of an assignee or trustee. But it would not be claimed that on the death of an administrator a pending action by or against him should be revived in the name of his legal representative — his administrator. There is nothing peculiar to an action of replevin requiring the revivor to be different from that of actions generally. The revivor was therefore properly made. It results from this that the judgment was one for which the sureties on the replevin bond were liable.
The action on the bond, however, was brought by the plaintiffs in the execution under which the sheriff levied on the property, without alleging an assignment of the bond to them by the sheriff, or an assignment to them of the judgment in replevin, and without alleging any reason why they should bring the action, such as the refusal or neglect of the sheriff to enforce the bond or to assign it or the judgment to them. They might clearly maintain the action if the bond had been assigned to them or if the judgment had been assigned, which would have effected an assignment of the bond as an incident to it. Or if the sheriff had refused or neglected to assign either the judgment or the bond, or to enforce the bond, in the latter case making the sheriff a party. This would not be their only remedy, but this one they would clearly have under the circumstances supposed. The plaintiffs in the common pleas failed to set forth a state of fact sufficient to entitle *598 them to a judgment on the bond. Their petition was demurred to and the demurrer overruled. The district court reversed the judgment of the common pleas for the error of that court in overruling the demurrer. The district court in this reversal was clearly right.

Judgment affirmed.